JULIUS GERARD *v.* THE STATE.

1. EMBEZZLEMENT — INDICTMENT — EVIDENCE.— The indictment alleging the embezzlement of "one hundred and fifty-five dollars, then and there of the value of one hundred and fifty-five dollars, current money of the United States of America," it was incumbent on the State, in order to warrant a conviction for a felony, to prove that the embezzled property was, as alleged in the indictment, current money of the United States of America, and of value to the extent at least of twenty dollars.

2. FELONY — MISDEMEANOR.— The value of property stolen or embezzled must be proved in order to disclose whether the offense be a felony or a misdemeanor.

3. APPEAL — PRACTICE.— After an appeal has been perfected, jurisdiction of the case passes out of the trial court and attaches to this court, and hence any attempted correction of the record by the court below after appeal has been perfected, cannot be considered by this court for any purpose whatever.

4. RECORD ENTRY OF PETIT JURORS.— Note observations of Winkler, J., on this subject.

APPEAL from the District Court of Medina. Tried below before the Hon. T. M. PASCHAL.

The embezzlement for which the appellant was convicted is charged by the indictment to have been committed on the 24th day of December, 1880. The punishment awarded by the jury was a two years' term in the penitentiary.

The State proved in substance that Ferd. Niggli and Tolly Burnett, residents of Medina county, in their part-

nership capacity, were sub-contractors for the conveyance of convicts to the State penitentiary. That about the time alleged in the indictment they employed the appellant to go to Brownsville in Cameron county, and convey some convicts there confined, to the penitentiary at Huntsville. That for this purpose Niggli and Burnett furnished him with one hundred and five dollars, and subsequently supplied him with fifty dollars more, by postal order to Brownsville. That the money furnished the appellant was for the sole purpose of defraying the expenses of his employment. That the appellant totally failed to convey the convicts to the penitentiary as he had agreed to, and was employed to do, and had refused and failed to account for the money furnished him for that purpose, though often requested so to do. That the appellant did not return to Castroville, the place of his employment, until, having been arrested upon an information or charge growing out of this transaction, and placed under bond, he returned for his trial. The defense offered no evidence.

*A. P. Bagby*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. By the indictment the appellant, who is alleged to be the agent and employee of Ferdinand Niggli and Tolly Burnett, is charged with the embezzlement of $155 alleged to have been entrusted to the defendant by Niggli and Burnett by virtue of his said employment and agency. The money alleged to have been so embezzled is described in the indictment as "one hundred and fifty-five dollars, then and there of the value of one hundred and fifty-five dollars, current money of the United States of America."

The averments in the indictment rendered it necessary for the State to prove these descriptive averments of the

value and character of the money entrusted to the defendant; that is, that it was of the value stated in the indictment and that it was current money of the United States of America, to the extent at least of twenty dollars in value, in order to support a conviction for a felony. Embezzlement is punished in the same manner as theft. Penal Code, art. 786. Theft of property, other than of such as has a definite punishment prescribed, as a horse and the like, is punished as a felony or as a misdemeanor according to its value as shown by the testimony. If the property stolen be under the value of twenty dollars, the act is punished as a misdemeanor. Penal Code, art. 736. If the property stolen be of the value of twenty dollars or over, it is punished as a felony. Penal Code, art. 735. Every offense which is punishable by death or by imprisonment in the penitentiary, either absolutely or as an alternative, is a felony; every other offense is a misdemeanor. Penal Code, art. 54. Hence, aside from the necessity of proving the descriptive averments in the indictment, it is further necessary that the proof should show the value of the property, money, or other thing either embezzled or stolen, in order to grade the punishment; that is, in order that it may be determined whether the offense is a felony to be punished as prescribed in article 735, or whether it is a misdemeanor and punishable as prescribed in article 736.

The evidence fails to sustain the allegation in the indictment as to the value and kind of the money charged to have been embezzled, or to establish the value of the money or a sufficient amount thereof (twenty dollars or over) to support a verdict of conviction for a felony. For this reason the court below should have granted the defendant a new trial on the 4th and 8th grounds set out in his motion therefor. It is unnecessary to consider the other grounds set out in the motion for a new trial, for the reason that they are not likely to arise hereafter.

We cannot consider for any purpose the attempted correction of the record, made subsequently to the perfection of the appeal and after the jurisdiction had attached on appeal. After an appeal has been taken and the jurisdiction of the appellate court has attached, the case has passed out of the jurisdiction of the trial court, and it can make no further order in the case. The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken. Code Crim. Proc. art. 849; *Hill* v. *State*, 4 Texas Ct. App. 559; *Knight* v. *State*, 7 Texas Ct. App. 206. The supposed defect in the record which was attempted to be supplied by action taken subsequently to the appeal, is that the judgment entry sets out the names apparently of the jurors who sat upon the trial, and on an examination of the record it shows that the names of but eleven jurors appear. In *Rich* v. *State*, 1 Texas Ct. App. 206, this court met with a similar difficulty, except that in *Rich's* case there was no statement that the jury was composed of twelve persons, or any other number save as indicated by the eleven names set out, whilst in the present case the judgment entry, after reciting that the parties announced ready for trial, proceeds as follows: "Whereupon came a jury of twelve good and lawful men, to wit," and proceeds to set out the names of eleven jurors, and but eleven. In *Rich's* case it was said that if the record had stated that the jury was composed of twelve competent jurors we might be authorized to presume that the clerk had omitted a name in transcribing the record, but no such statement appearing the court declined to indulge that presumption in the face of the record. As the judgment must be reversed on another ground, and inasmuch as a similar difficulty is not likely to arise on another trial, a ruling on the question presented becomes unnecessary and immaterial.

It is the individual opinion of the writer, however, that, when the record recites the fact that a jury of twelve good and lawful men tried the case, this court would be warranted in indulging the presumption, when but eleven names are set out, that the clerk had omitted a name in making up the transcript, rather than that the judge who presided at the trial had permitted a trial to proceed to verdict with but eleven, jurors, and that the recital that the jury was composed of the proper number was false. The cases of *Huebner* v. *State*, 3 Texas Ct. App. 458, and *Morton* v. *State*, Id. 510, are referred to as bearing upon the question.

The record should show that the jury in a felony case was composed of twelve men, no more no less than twelve; and whilst it may not be absolutely necessary that any of their names appear, the better practice would be to set out the name of the foreman who signs the verdict as such, and state that he and eleven others composed the jury. Unless some question should arise as to who composed the jury, or the like, it would answer the demands of the law to set out in the record that the jury was composed of A. B. (naming him) and eleven others, together with the other requisite statements as to swearing the jury, and the like. *Morton* v. *State*, *supra*. There is no reason why these matters of practice should not be made substantially uniform.

For the reason that the testimony as found set out in the transcript of the record before us is not sufficient to support the verdict, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*